1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  AMBER ROSEN (CABN 160380)
   Assistant United States Attorney
5
        150 Almaden Boulevard, Suite 900
6       San Jose, California 95113
        Telephone: (408) 535-5061
7       FAX: (408) 535-5066
        Amber.rosen@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MISC. NO. 16-70237 MAG (HRL) |
| | ) | |
| Plaintiff, | ) | MOTION FOR RECONSIDERATION OF BAIL |
| | ) | AND REQUEST FOR DETENTION |
| v. | ) | |
| | ) | |
| REMON ISSA DANIEL, | ) | Hearing date: March 9, 2016 |
| | ) | Hearing time: 1:30 p.m. |
| Defendant. | ) | |
| | ) | |

The United States of America now moves the Court for reconsideration of defendant's bail and asks that defendant be remanded to the custody of the United States Marshals pending trial. Defendant engaged in additional criminal conduct immediately upon being released in this case, such that no combination of conditions of release will assure his compliance with the Court's orders, or assure the economic safety of the community.

DEFENDANT'S INITIAL BAIL HEARING

In the late evening hours of February 25, 2016, defendant was arrested on a complaint charging him with wire fraud, for fraudulently trying to obtain shipments of fruits and vegetables from various wholesale produce companies without paying. He made his initial appearance before Magistrate Judge

UNITED STATES' MOTION FOR
RECONSIDERATION OF BAIL          1

Cousins on February 26, 2016 at 1:30 p.m. At that time, the United States agreed that the risk of flight and the risk of further economic danger to the community could be mitigated if defendant submitted his passport to Pretrial Services, were placed on house arrest with electronic monitoring, and signed a $50,000 personal recognizance bond. Defendant submitted his passport that afternoon and was released on these conditions that same day. Further bail hearing was set for Monday, February 29th at 1:30, to allow Pretrial Services to prepare a report and to determine whether the conditions, as set, were appropriate.

## DEFENDANT'S NEW CRIMINAL CONDUCT

After his release, the United States learned that defendant, claiming to be Rick Stevens of General Produce in Sacramento, had contacted AM Fresh Produce on Thursday, February 25, 2016, prior to his arrest, and had ordered a load of produce worth $30,000. *See* Exhibit 1, Interview of Guillermo Morachis. Defendant agreed to pay $3,000 for the cost of trucking and asked AM Fresh to provide a bill of lading and the number of the truck driver, which it did. *See* Exhibit 2, bill of lading.

On Saturday, February 27, 2016, after defendant's initial appearance on the complaint and his release, defendant again contacted AM Fresh Produce. He told them that his company was not actually General Produce in Sacramento, a company known to be reliable, but was instead General Produce in San Francisco. Exhibit 1. He stated that he still wanted to do business and said that he would pay in 21 days for the order. *Id*. Morachis of AM Fresh Produce told the FBI that he then refused to do business with defendant because he did not know him and because his business was not in the Blue Book, as the Sacramento company was. *Id*. Morachis forwarded the email correspondence between defendant and him to the agent, and it confirms what he told them.

On Saturday the 27th. defendant wrote, from email account "Rick Stevens <rick@general produce.co>," :

> Hello guys
>
> Just FYI I don't need any problems this is General produce located in SF not Sacramento just FYI so you guys know if you don't want to send it please let me know thanks for all the help.

Exhibit 3.

AM Fresh responded by asking, "what is FYI?" *See* Exhibit 4, page 2.

UNITED STATES' MOTION FOR
RECONSIDERATION OF BAIL             2

At this point, defendant responded:

> For your information
>
> No it's not the same but if you want to keep doing biz with me I can take it and pay you in 21 days great

*Id.*

AM Fresh Produce then asked, "whats [sic] the name of your company?" At that point, defendant, still writing from the Rick Stevens email account, said:

> No we are not in the blue book
>
> My name is Remon Daniel  My company name is General produce we are located in SF

*Id.*

At that point, AM Fresh Produce wrote, "sorry I cant delivered to you i'm going to delivered in Los Angeles thanks for let me know before I appreciate" [sic]. *Id.*, page 1.

It is clear from the statements of Mr. Morachis and from the email themselves, that defendant still wanted to obtain the produce. He asked Am Fresh Produce to simply redirect the delivery to him in San Francisco and offered to pay for it in 21 days. He did not cancel the order, but instead said "I can take it." Exhibit 4, page 2.

Defendant does not appear to have a legitimate produce business. Although a LexisNexis search did show Remon Daniel as a debtor of a General Produce located at 960 Easton Street in San Bruno, no such business is registered with the California Secretary of State. *See* Exhibit 5 and Exhibit 7. The address 960 Easton Street, San Bruno, is a personal residence, not a produce business. Agents spoke to the owner of the property, who stated that no one by the name of Remon Daniel lived there and that there was no business called General Produce operating at that address. *See* Exhibit 6. There is also little basis to believe that defendant intended to pay for the produce he ordered from AM Fresh Produce. As indicated in the attached Declaration of Special Agent Jennifer Chelf, from January 2014 through September 2015, analysis of six bank accounts held by Daniel shows that not one of almost 200 checks he wrote cleared the bank. *See* Exhibit 7. As indicated in the affidavit supporting the criminal complaint, the investigation has further revealed that Daniel has a pattern of not paying for the produce he orders.

Because defendant engaged in further criminal conduct even after he was charged, arrested, and

released on bail, and because defendant can continue to commit his fraud by use of a telephone and/or computer, the United States no longer feels that the safety of the community can be assured through any combination of factors if defendant is out of custody. Nor does it believe that defendant can follow the conditions imposed by the Court. Defendant was specifically advised at his bail hearing before Judge Cousins not to commit any federal, state or local crimes, and signed the release form with that condition, yet he engaged in criminal conduct the very next day.

## CONCLUSION

Under 18 U.S.C. § 3142, the United States believes that there are no conditions of release which will assure defendant's cessation of fraudulent activity, and as such, requests that the release order be revoked and that he be remanded to the custody of the Marshals during the pendency of his case.

DATED: March 3, 2016

> Respectfully submitted,
>
> BRIAN J. STRETCH
> Acting United States Attorney
>
> /s/
> AMBER ROSEN
> Assistant United States Attorney