UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br>Plaintiff,<br>v.<br>REMON ISSA DANIEL,<br>Defendant. | Case No. 16-cr-00100-LHK-1 (HRL)<br><br>**ORDER REVOKING PRETRIAL RELEASE** |

On February 25, 2016 the government filed a Criminal Complaint for wire fraud against Remon Issa Daniel ("Daniel"). According to the Complaint, beginning in 2014 and continuing to the present, Daniel would use telephone and e-mail to contact produce growers and vendors in western states and falsely represent himself as either the owner of or an authorized buyer for a produce vendor in either San Jose or Sacramento. Daniel would call his company either a name familiar in the industry or a name confusingly similar. He was buying on credit, and his ruse worked often enough that many thousands of boxes of produce were shipped to him. He then "paid" for the fruit and vegetables with checks drawn on closed bank accounts. The victim companies' collective loss was estimated at over one million dollars.

Following his arrest, Daniel made his initial appearance on February 26th. The Federal Public Defender was provisionally appointed to represent him. The government did not seek detention, and defendant was released on a $50,000 signature bond and typical release conditions which included, obviously, that he not commit another crime.

During a post-bail interview with Pretrial Services, Daniel stated that for the past month he

owned and operated a company he called "General Produce, LLC", which was located at 960 Easton Avenue, San Bruno, California. Pretrial Services could not locate a company of that name on the California Secretary of State website.

The court held a hearing on March 3d for the purpose of further examining whether defendant's financial condition qualified him for appointed counsel. That inquiry was mooted, however, when the Public Defender advised that retained counsel would be coming into the case on behalf of Daniel. Accordingly, the court set an Identification of Counsel hearing on March 9th. Just as the March 3d hearing was concluding, government counsel stated that information had just come to light which supported the revocation of defendant's release and imposition of pretrial detention. The court told the government to make a written application, and it did so later that day.

At the March 9th hearing, private counsel, Seth Chazin, made a general appearance on behalf of defendant, and the Public Defender was relieved. The court asked Mr. Chazin if he was prepared to go forward on the government's Motion for Reconsideration of Bail and Request for Detention ("Motion"), and he stated that he was.

The Motion was supported by (1) the summary of a telephonic interview with Guillermo Morachis, the owner of AM Fresh Produce ("AM Fresh") of McAllen, Texas, (2) an AM Fresh Bill of Lading to "General Produce Co, Sacramento, CA.", (3) a series of e-mails back and forth between Daniel and AM Fresh, mostly dated February 27, 2016, (4) a declaration of the owner of the property at 960 Easton Avenue, San Bruno, and (5) a declaration from the FBI case agent about her review of defendant's bank records. The court summarizes this information below.

On February 25th, the day before his arrest for defrauding produce growers and vendors, Daniel telephoned AM Fresh. He said his name was "Rick Stevens", that he was calling from General Produce of Sacramento, and that his company had a high "triple X" rating in the Blue

Book. (The Blue Book is a resource used in the produce industry to rate the creditworthiness of businesses, and General Produce in Sacramento is apparently a legitimate company with a positive Blue Book rating.) "Stevens" was allowed to order several thousand boxes of produce (lemons, mangos, and peppers). The cost would be about $30,000. At Stevens' request, AM Fresh arranged a truck to transport the produce and prepared a Bill of Lading.

As indicated above, Daniel was arrested on February 26th, and released under conditions.

On February 27th, Daniel, still posing as Stevens (rick@generalproduce.co), told AM Fresh that he was General Produce in San Francisco, not General Produce in Sacramento "…so you guys know if you don't want to send it…." In reply, AM Fresh asked for clarification, and Stevens said his company was "not the same" as General Produce in Sacramento but "…if you want to keep doing biz with me I can take it and pay you in 21 days…." AM Fresh asked for still more information, and Stevens said his real name is Remon Daniel, that his company is General Produce in San Francisco, and that he is not in the Blue Book. AM Fresh backed out of the order.

The only reason for Daniel to call AM Fresh on February 27 would be to cancel the order. He did no such thing. Instead, he started out trying to get the seller to ship the goods to him in the Bay Area rather than to the legitimate General Produce in Sacramento. When that did not work, he said he wanted the shipment and could pay in 21 days.

Also notable is that there is no record of any General Produce in San Francisco. In fact, there is no record of such a company in San Bruno either. The purported business address of General Produce in San Bruno is 960 Easton Avenue. That address is a private residence. The property owner said no such business operates there. The tenants said the same thing.

Finally, FBI case agent Jennifer Chelf declared she reviewed 6 bank accounts opened in Daniel's name for the time period January 2014 to September 2015, and not one of the 198 checks

3

written on these accounts ever cleared the bank.

In opposition to the Motion, defense counsel did acknowledge that his client had made an "error" in trying to close the deal with AM Fresh after he had been released on conditions. He suggested that perhaps Daniel was acting out of "compulsion" (he just could not stop himself?) or out of "habit" (the habit of ordering produce under false pretenses and then not paying?) He argued that the fraudulent transaction had not been consummated, but that was simply fortuitous and is no credit to the defendant. He also speculated that some friend or family member might have paid for the AM Fresh order if it had come into defendant's hands, but he proffered no evidence of that possibility and it is completely contrary to the defendant's track record of not paying for produce.

The arguments of defense counsel fail to persuade. The totality of the information provided by the government about the aborted AM Fresh transaction satisfy this court that, despite his arrest and release under conditions, defendant was continuing to engage in "business as usual." All he needed to conduct his produce "buying" activities was a telephone and a computer. The arrest was not a sufficient wake up call to make him stop. The court cannot think of conditions of release that would give any assurance that, if allowed to remain out on bail, he would not do so again. Accordingly, the court revokes the order setting conditions of release and remands Remon Daniel to the custody of the United States Marshals Service.

**IT IS SO ORDERED.**

Dated: 3/11/16

HOWARD R. LLOYD
United States Magistrate Judge